J. J. Andrews's Adm'r, et al., *v*. John B. Dudley's Assignee.

**Bankruptcy—Claim Against Bankrupt.**
> One holding a claim against a bankrupt cannot purchase property at the trustee's sale and credit the amount of the purchase on his claim.

**Claim Secured by Mortgage.**
> Where one has a claim secured by mortgage against property of a bankrupt, he may prove his claim in the bankrupt court, and have the property sold in such manner as that court might have directed.

### APPEAL FROM FLEMING CIRCUIT COURT.

January 17, 1877.

Opinion by Judge Lindsay:

Although it is alleged that Cord purchased at the assignee's sale, for the sole purpose of ascertaining the value of the mortgaged property that he might credit the note against the bankrupt for that sum, it is also averred that the assignee denied and repudiated the appellant's mortgage lien, and instead of concurring with Cord in this object, claimed and exercised the right of selling the absolute title to the lot, unencumbered by the lien herein asserted. There was, therefore, no contract, between Cord and the assignee, for the state courts to specifically enforce.

If the mortgage herein set up was valid and enforceable, Cord might have pursued one of the courses. He could have agreed with the assignee as to its value, have taken the assignee's release, and then presented and proved his claim in the bankrupt court for the unpaid balance. If the assignee would not agree, he could have asserted his lien in the bankrupt court, and have had the lot sold in such manner as that court might have directed. Or he could have declined to appear in the bankrupt court altogether, unless forced into it by the assignee, and instead thereof proceeded to foreclose his mortgage in the state courts.

Sec. 20, Bankrupt Act, and *Second Nat. Bank of Louisville v. National State Bank of New Jersey*, 10 Bush 367.

Instead of pursuing one of these courses, he has complicated his rights by purchasing at the assignee's sale. Until this purchase is cancelled he cannot ask to have the mortgage enforced, and if he desires to have the amount of his bid credited on this note he holds against the estate of the bankrupt, he must get that relief at the hands of the bankrupt court which has undertaken to, and is now engaged in administering the assets in the hands of its officer, the assignee.

This is a question with which the state courts will not interfere even with the consent of the assignee.

Judgment *affirmed.*

*W. H. Cord, for appellants. L. B. Cox, for appellee.*